## Auer *versus* Penn.

1. The fact that a lease is for a longer term than three years does not prevent a rescission thereof by a parol agreement of the parties when accompanied by a surrender of the lease and possession by the tenant to the landlord, and the acceptance thereof by the latter. It is not like a sale and transfer to a stranger of an interest in land greater than a term of three years, and is not, therefore, within the Statute of Frauds.

2. By such acceptance and surrender, the relation of landlord and tenant is ended; and the landlord, having taken possession of the premises, either personally or by another tenant, is estopped from collecting rent.

January 13th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term 1879, No. 208.

Covenant upon a lease by Joseph Penn, landlord, against John Auer, the surety for the payment of rent by Jacob Brown, tenant.

The lease was dated October 15th 1875, and was for a term of five years from date, the rent being payable monthly. The plaintiff filed a copy of the lease and a statement of claim, in which latter was one item for "difference between rent agreed to be paid and rent obtained."

The defendant, who was surety for the tenant, filed an affidavit of defence, in which he averred that Brown occupied said premises for about the space of one year; and that he then went to plaintiff and delivered to him the possession of said premises, which plaintiff agreed to take, and did take, and released Brown and deponent as security.

A supplemental affidavit was filed, in which the defendant averred that Brown, "on or about the 15th of October 1876, and previous to the falling due of the amounts claimed in this case, did surrender to the plaintiff the term of years of him, the said Jacob Brown, then to come and unexpired, of and in the demised premises under said lease, which surrender the said plaintiff there and then accepted, and the said plaintiff thereby released the defendant from all further liability under said lease, and that the surrender and release stated in the previous affidavit filed, were made before the claim for rent in this case fell due, and before the commencement of the time for which the said rent is claimed."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence, when defendant took this writ, and assigned this action for error.

*Thomas B. Price* and *M. Arnold,* for plaintiff in error.—It would be impossible to make a more explicit statement of a surrender of a lease, and its acceptance by the landlord than that made in this case. By the plaintiff's statement, wherein it appears that in

[Auer *v.* Penn.]

one instance a claim is made only for the difference between the rent agreed on and the rent received, it is manifest that he reserved possession of the premises or again leased them.

The court below said that if the term had been for less than three years, an oral surrender of it would probably have been sufficient; but that as the lease was for five years, the surrender and acceptance are insufficiently averred. But there does not appear to be any authority for such ruling. The question is, can a lease which is in writing be surrendered and the term merged in the fee by an oral agreement executed by the acceptance and resumption of possession by the lessor? It is well settled that a parol contract for the sale of lands under which possession has been taken, and the price paid or improvements made, will be enforced, notwithstanding the Statute of Frauds. This rule of law frequently works a transfer of the fee simple of real estate. Why should not a similar principle of law be invoked to support the surrender of a term of years where possession has been taken under a parol contract?

*William Gorman*, for defendant.—Had the term been for less than three years, an oral surrender would probably have been sufficiently set out to send the case to a jury, but being for five years, there must be enough to satisfy the conscience of a chancellor, and to induce him to grant specific relief: Moore *v.* Small, 7 Harris 461.

The Act of March 21st 1772, sect. 1; Purd. Dig., vol. 1, 724; pl. 2, prohibits a term of years or other interest in lands to be surrendered, unless by deed or note in writing. Consequently, no verbal agreement or arrangement between the parties can effect such a surrender or cancel a lease for five years: Taylor on Landlord and Tenant, page 374, sect. 509, and cases cited; Brown on Statute of Frauds, sect. 37; Rowan *v.* Lytle, 11 Wend. 616; Roberts on Frauds 248.

In Schiefflin *v.* Carpenter, 16 Wend. 400, it was held that a parol agreement between landlord and tenant, that the tenant should surrender his interest in the demised premises (a term of six years), in order that the landlord should execute a new lease for eight years to a third person *is not a surrender by operation of law*, and this, although the first tenant quits the premises and a third person enters and remains in possession a year, and pays rent to the landlord. The original lease still remains in force, and the landlord may sue thereon in covenant, and recover the rent subsequently accruing from the original lessor.

Mr. Justice MERCUR delivered the opinion of the court, March 22d 1880.

This was an action by a landlord against the surety of his ten-

ant for the recovery of rent. The lease was for a term of five years, payable in monthly instalments. The affidavit of defence averred the tenant occupied the premises for about one year, and then he went to the landlord and delivered to him possession of the premises, which the latter agreed to take and did take, and released the tenant and the affiant as security. In the supplemental affidavit it is averred substantially, that said surrender and release were made before the rent fell due, which is now claimed, and before the commencement of the time for which said rent is claimed. It further affirms that, previous to the same falling due, the tenant did surrender to the landlord the term of years of him, said tenant, then to come and unexpired, of and in said demised premises under said lease, which surrender the said landlord then and there accepted, and thereby released said surety from all further liability under said lease. Thus the affidavits declare there was, by the tenant, a surrender of the unexpired portion of the term, and a surrender of the premises and delivery of possession thereof, that the landlord agreed to take and did take and accept the same, and release the tenant and his surety from all further liability under the lease.

If these facts be found by a jury, they will constitute a good defence against a recovery in this case. Articles of agreement for the sale and purchase of land may be waived or rescinded by parol when accompanied by giving up possession to the vendor. Boyce *v.* McCulloch, 3 W. & S. 429; Raffensberger *v.* Cullison, 4 Casey 426. The fact that a lease is for a longer term than three years, does not prevent a rescission thereof by agreement of the parties when accompanied by a surrender of the term and possession by the tenant to the landlord, and the acceptance thereof by the latter. It is not like a sale and transfer to a stranger of an interest in land greater than a term of three years, and, therefore, is not within the Statute of Frauds. It is a yielding up to the reversioner the limited estate derived from him, whereby the future tenancy is rescinded. The relation of landlord and tenant is thereby ended. Hence it was held in Magaw *v.* Lambert, 3 Barr 444, if the landlord took possession of the ruins for the purpose of rebuilding without the consent of the tenant, it was an eviction; if with his assent, it was a rescission of the lease; and in either case the rent was suspended. Thenceforth the former tenant has neither term nor possession to impose on him an obligation to render a certain profit. His former landlord having taken possession of the premises, and using and occupying the same either personally or by a subsequent tenant, will be estopped from collecting rent for the same period of time, from the former tenant, unless otherwise agreed: Pratt *v.* Richards Jewelry Co., 19 P. F. Smith 53. The learned judge, therefore, erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed, and a *procedendo* awarded.