# Walker, Appellant, *v.* Githens et al.

*Landlord and tenant—Holding over—Change of terms—Consideration— Evidence.*

Where a tenant is holding over from year to year after the expiration of the term of a written lease, it is competent for the parties to make a different agreement as to the terms of the tenancy, and of course for either to prove such new agreement by any proper evidence.

If such new agreement would not be good for the year in which it was made without a new consideration, it would be valid for any succeeding year, and the continuance of the tenant in possession paying the agreed rent would be sufficient consideration.

A building was leased to two tenants who were jointly and severally liable for the rent. The lease expired and the tenants held over from year to year. In an action against one of the tenants for the whole rent, he offered to prove that the lessor had released the joint and several liability of the tenants for the rent of the whole house, and accepted in place thereof the separate tenancy of each for one half; also payment and receipt of rent for one half in full of defendant's debt. *Held,* that the evidence should have been admitted.

Argued March 24, 1893. Appeal, No. 250, Jan. T., 1893, by plaintiff, Dwight F. Walker, from judgment of C. P. No. 3, Phila. Co., June T., 1890, No. 649, on verdict for defendants,

E. S. Githens et al.    Before WILLIAMS, McCOLLUM, MITCH-
ELL, DEAN and THOMPSON, JJ.

Replevin for goods distrained for rent.

At the trial, before FINLETTER, P. J., it appeared that de-
fendant leased to plaintiff and Edward A. Walker certain prem-
ises for the term of five years from August 1, 1876.    Defendant
claimed that after the expiration of the lease the term of the
tenancy had been changed.    He offered to prove that in 1876
the parties went into possession of the premises in question,
under the lease; that they remained in possession under the
lease until sometime about the first of October, 1885, when,
with the consent of Mrs. Githens, there was a division of the
property, and a division of the rent, by which each took one
half of the property—$25.00 per month each—and that that con-
tinued up until September, 1890, and Edward Walker having
moved out this lady refused to take the share due by this plain-
tiff, and asked for the whole.

The Court: Do you contend that she agreed to take one half
of the rent from each in lieu of the other arrangements? Mr.
West: Yes, sir; we do contend that.    The Court: I will over-
rule the offer.    Exception. [1]

Mr. West: I offer to prove that about October 1, 1885, by
these receipts, the rent was reduced to $25.00 per month.    The
receipt dated October 28th states that $100 was received as
payment of four months' rent.    Objected to.    Offer overruled
and exception. [2]

Mr. West: I offer to prove that the original lease came to
an end, by its own terms, on the 10th of June, 1886, and that
the plaintiff was at that time in possession of the premises un-
der a new agreement; that he should have one half of the
premises and pay for it $25.00 a month.    Objected to.    Offer
overruled and exception. [3]

Plaintiff tendered the amount admitted to be due, which was
refused by defendant and plaintiff's property distrained.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the
offers but not the bills of exceptions.

*J. Martin Rommel, James M. West* with him, for appellant, cited : 1 Wood's Landlord and Tenant, 18 ; Cloth Co. v. Gardner, 99 Ill. 163 ; Crommelin v. Thiess, 31 Ala. 412 ; Singer Co. v. Sayre, 75 Ala. 270.

*John A. Burton,* for appellees, cited : Pearsoll v. Chapin, 44 Pa. 17 ; McDowell v. Simpson, 3 Watts, 135 ; Negley v. Lindsay, 67 Pa. 228 ; Duncan v. McCullough, 4 S. & R. 487.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893 :

The offer of the appellant was to show that although he had gone into possession under the lease in evidence, yet at the time the rent distrained for accrued he was no longer in under the lease but under a new contract. This was entirely competent. The term under the lease had admittedly expired, but appellant had continued in possession, and the presumption therefore was that he was a tenant from year to year under all the terms of the lease that were applicable. But it was entirely competent for the parties to make a different agreement at any time, and of course for either to prove such new agreement by any proper evidence. The appellant alleged that the lessor had released the joint and several liability of the two tenants for the rent of the whole house, and accepted in place thereof the separate tenancy of each for one half. Even if it be conceded that such an arrangement made during the running of any year would not be binding on the lessor for that year without some new consideration, there can be no question that it would be valid for any subsequent year, and the continuance of the tenant in possession paying the agreed rent would be sufficient consideration.

Appellee's argument is that as the agreement was not binding at the time it was alleged to be made, for want of consideration, it could not be ratified or renewed subsequently. But this argument overlooks the principle that the agreement was not required to be express. It could be made by tacit understanding, and implied as in any other case from the acts of the parties. And even if an express agreement was made, which was not binding in law, but was supposed to be so by the parties and was carried out by them, and then a new year entered upon under the supposition and intention that it was and should

be mutually binding, it would be entirely valid.   And the jury would be entitled to find that intent from the payment and receipt of rent for one half the house in full of appellant's debt, and other similar acts.   All of the offers of appellant tended to prove the defence set up and should have been admitted. Of course it will be competent for the lessor to show that such receipts if given were for convenience only, but that will raise the issue for the jury.

Judgment reversed and venire de novo awarded.