# Lewis Sacks and Ida Sacks, his wife, *v.* Andrew Schimmel, Appellant.

*Parol evidence—Reform of written contract—Fraud.*

The evidence of fraud relied upon for recovery independently of a written contract, when such writing is in existence, must be of the same character as if relied upon to reform the contract.

*Actions—Distinction between deceit and contract.*

There is a clear distinction between an action based upon deceit, which is the inducing cause of a written agreement, and an action for damages under the agreement itself.

*Landlord and tenant—Representations by. landlord—Deceit—Parol evidence—Question for jury.*

Parol evidence is admissible in an action for deceit, and the case is for the jury where the evidence tends to show a disclosure of the business to be conducted by lessees; essential necessity for a weather-tight bay window; assurance by the landlord of good condition of the window; acceptance by lessee by reason of this assurance, and bad condition of the bay window, resulting in serious damage to the plaintiff: Wolfe v. Arrott, 109 Pa. 473, followed.

Argued Dec. 18, 1896. Appeal, No. 65, Nov. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. County March T., 1895, No. 1032, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. SMITH, J., dissents.

Trespass for deceit in misrepresenting condition of leased premises. Before BIDDLE, P. J.

The facts are sufficiently disclosed in the opinion of the Superior Court.

*Errors assigned* were (1) In charging, as requested by counsel for plaintiffs, " If the jury believe that the defendant stated to the plaintiffs, before they rented the store, No. 816, North Second Street, Philadelphia, that the bulk windows and the roof and drainage thereof were in first-class condition, suitable for the display of millinery, well knowing that the roof was in bad condition, liable to cause damage to any goods placed in the windows, and that damage did subsequently occur to plaintiffs' goods from the defective roofing, the defendant is responsible in damages to the plaintiffs."

(2) The learned judge erred in declining to charge as requested by counsel for defendant, "The evidence having shown that the plaintiffs entered into possession of the premises by virtue of a lease, the conditions of that lease must be enforced unless the plaintiffs have shown fraud, accident, or mistake ; and no fraud, accident or mistake having been shown, and the lease obliging to repair, your verdict should be for the defendant."

(3) In declining to charge, as requested by counsel for defendant, "A written agreement is the visible evidence of the purpose of the parties, and it cannot be reformed except by the evidence of two witnesses or of one with corroboration as to fraud, accident or mistake ; and the lease containing a covenant for repairs, and this evidence failing in this case, your verdict should be for the defendant."

(4) In declining to charge, as requested by counsel for defendant, "The plaintiff, Ida Sacks, cannot recover in this action under the evidence, and your verdict as to her must be for the defendant."

(5) In declining to charge, as requested by counsel for defendant, "The plaintiff, Lewis Sacks, can only recover if he has shown that he did not make the contract of lease in evidence or that the terms of the said lease were altered by subsequent agreement among the parties, and this not having been shown, your verdict should be for the defendant."

(6) In declining to charge, as requested by counsel for defendant, "Under all the evidence your verdict should be for the defendant."

*Thos A. Fahy*, with him *Chas H. Pile*, for appellant.—The assignments, two to six, may be considered together. They involve the single question of whether in the absence of fraud, mistake or trust, parol evidence is admissible to vary the terms of a written lease (in which a tenant agrees to make repairs) by showing what was said between the parties before and after the lease was signed.

It is abundantly established by the authorities that this proposition must be answered in the negative: Hallowell v. Lierz, 171 Pa. 577 ; Huber v. Baum, 152 Pa. 626 ; Wodock v. Robinson, 148 Pa. 503 ; Eberle v. Bonafon, 17 W. N. C. 335.

*Chas. F. Eggleston*, with him *W. W. Weigley*, for appellees. —The misrepresentations constitute fraud and deceit, and damages resulting from such false statements are a good defense for arrears of rent: Wolfe v. Arrott, 109 Pa. 473.

Even if it be an attempt to vary the lease, parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract where it tends to show fraud, mistake or trust, though it may vary, change or reform the instrument: Thomas & Sons v. Loose, 114 Pa. 35; Johnson v. Blair, 126 Pa. 426; Eberle v. Bonafon, 17 W. N. C. 335.

The owner of a building is liable to a person whose goods are destroyed because of the insufficiency of the building for the purposes for which it was erected and leased, and that too, without having made any fraudulent representations, and where there was no lease or agreement between the owner and the plaintiff: Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111.

The plaintiffs had their choice of two things, fraud having been shown in the contract: they might have rescinded the lease, and recovered back the money paid, or they could stand to the bargain and recover damages.   They did the latter: Guffey v. Clever, 146 Pa. 548; Heastings v. McGee, 66 Pa. 384; Harvey v. Gunzberg, 148 Pa. 294.

OPINION BY BEAVER, J., January 18, 1897:

The plaintiffs brought an action of trespass against the defendant, to recover damages sustained by them in consequence of an alleged deceit practiced by the defendant, by reason of which the plaintiffs were induced to take a lease, evidenced by writing, and enter into possession of certain premises in the city of Philadelphia.   Both of the plaintiffs made an examination of the premises.   They informed the defendant of the character of their business, which was the carrying on of a millinery establishment, and that they desired to occupy the premises for that purpose.   The business, like the material with which it deals, consisting largely of show; they made special inquiry as to the bulk windows, and, as they allege, were informed that the premises were in good condition, and that a new roof had been put upon the windows in which their goods were to be displayed.

As to this representation defendant had knowledge,—the plaintiffs had none. If false, and they acted upon it, it was undoubtedly such a deceit as would sustain this action. It is to be observed that the action is entirely independent of and in no way based upon the lease made subsequent to the representations which were the inducement to its execution. There is no claim under it. There is no attempt to reform it. The plaintiffs' case could have been made out without any reference to it. It was offered in evidence by the defendant, and must undoubtedly be held to be the agreement of the parties as therein expressed, as to which there was no disagreement or dispute. There is undoubtedly a clear distinction between an action like the present, based upon deceit, which is the inducing cause of a written agreement, and an action for damages under the agreement itself. We are not disposed, however, to relax the rule that parol evidence as to a fraud in the making of a written agreement, the object of which is to change the legal effect of such a writing, must be clear, precise and indubitable, that is, the evidence of fraud relied upon for recovery independently of a written contract, when such writing is in existence, must be of the same character as if it were relied upon to reform the contract. Is the evidence in this case of such a character?

Both the plaintiffs testify that in a personal interview with the defendant prior to the execution of the lease, they informed him as to their business, and that they required bulk windows for the display of their goods; that the house was represented by him to be in good condition, and that the bulk windows had a new roof on them, and that they were in perfect condition. That the defendant understood the business in which the plaintiffs were to engage is shown by the lease which he offered in evidence, in the second clause of which it is provided: " The lessee shall not occupy the demised premises otherwise than as a millinery store, nor shall the lessee assign this lease nor underlet the premises or any part thereof." The son of the plaintiff, who was a conveyancer and acted as his agent, says in his examination in chief that at the time of the execution of the lease " the question was raised whether the property was in good order, and the reply was that it was in good order, which it was at the time." There is further corroboration of the

plaintiffs' contention in the fact that, although under the terms of the lease the lessee was bound to keep the demised premises in good condition during the continuance of the lease, the defendant invariably, after complaint as to the condition of the roof of the bulk windows, sent mechanics to make the repairs at his own expense. The evidence in regard to the character of the roof of the bulk windows is not uncertain. It was not new. On the other hand, it was in bad condition. After the plaintiffs removed from the premises, and before another tenant occupied them, a new roof was put upon them by defendant. The plaintiffs took possession of the premises January 1, 1894, and within that month their entire stock, displayed in the bulk windows, was destroyed by water coming through the window, caused as is alleged, by defects in the roof. The experiences of the first month of the plaintiffs' tenancy were repeated on three or four other occasions, of which the details are given fully in the evidence. We think the evidence was sufficient to carry the case to the jury, without any relaxation of the rule as to the character of the proof necessary to establish such fraud as will change the legal effect of a written instrument. Was there error as to the manner in which this evidence was submitted to the jury? We think not. What we have said sufficiently disposes of the second and third assignments of error.

As to the first, fourth and fifth assignments, the appellant's argument is that, inasmuch as the lease which he gave in evidence is signed by but one of the plaintiffs, there can be no recovery by them jointly. The reply to this is that the plaintiffs do not base their right to recover upon the lease. There is evidence that they carried on the business jointly; that both contributed to its capital and shared in the profits. The representations upon which they base their action for deceit were made to both of them. Both relied upon these representations, and jointly pursued the business which was carried on in consequence. We see no error, therefore, in the affirmance of the plaintiffs' points and the disaffirmance of the defendant's third and fourth points, as contained in the fourth and fifth assignments of error. Wolfe v. Arrott, 109 Pa. 473, although different in form and as to its facts, fully sustains the general principles herein set forth. We are not called upon to decide

what the duty of the plaintiffs was, after the discovery of the deceit practised upon them by the defendant, nor whether there should be a recovery for damages sustained after such a discovery. The question was not raised in the court below, and is not raised in any way here, by any of the assignments of error. All questions raised in the court below upon which the trial judge was requested to pass were properly disposed of, and the judgment is, therefore, affirmed.

SMITH, J., dissents.