## Mary H. Rohbock *v.* Grant McCargo and C. E. Dickson, Appellants.

*Landlord and tenant—Evidence—Degree of proof to establish a surrender.*

Where a case turns on whether there has been a surrender by a lessee of his term and an acceptance thereof by the lessor, the proof requisite to establish such surrender must establish a clear and explicit agreement, and the landlord's acceptance of the surrender also must be established by a fair and full preponderance of evidence. It is error however, for the trial judge to instruct the jury that a defendant lessee, in order to meet the burden of proof cast upon him, must, to establish a surrender, prove all the terms and conditions of the alleged rescission or surrender and acceptance by evidence that is "clear, precise and indubitable."

There is no reason for requiring the exceptionally high measure of proof necessary to take the case out of the statute of frauds, or to reform a writing.

. Argued May 6, 1897. Appeal, No. 170, April T., 1897, by defendants, from judgment of C. P. No. 3 Allegheny Co., November Term, 1894, No. 587, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

.. Appeal from judgment of alderman on an action for rent in arrears. Before KENNEDY, P. J.

It appears from the record that, although the claim as origi-

nally brought was for one month's rent amounting to $150, pending the determination of the case in the court below, the total term of the lease expired.

By agreement of counsel the present suit was designed to cover all claims which the plaintiff might have growing out of said lease. The question arose under the terms of the contract of lease, which provided, inter alia, as follows :

" That the said party of the first part (Mary A. Rohbock) doth hereby lease and let unto the said parties of the second part (Grant McCargo and C. E. Dickson) from the 26th day of January, 1891, for and during the term of one year, two months and six days, with the privilege of remaining in possession until the first day of April, 1896, for the annual rental of $600, payable as follows, viz : $100 on April 1st, 1891, and thereafter $150 on the first days of July, October, January and April of each and every year during said term until the whole amount of said rent is paid ; the following described premises, etc."

The defendants contended that under the terms of the lease they were merely tenants from year to year after April 1, 1892, and proof was given of notice and intention to vacate prior to April 1, 1894.

There was also evidence tending to show an understanding reached between the plaintiff's agent, Armstrong, and the defendant, McCargo, by which plaintiff was to receive the same rent monthly, and the defendants were to occupy the premises for a few weeks after April 1st, and until such time as a new building erected for their occupancy was ready. The defendants remained in the premises until about June 1, 1894, when they removed and tendered the rent for April and May, which was refused. The court left the question to the jury as to whether there had been a surrender and acceptance of the lease, charging the jury, inter alia, as follows : " As I have said, the lease was perfectly good up to the first of April, 1896, unless its cancellation and the surrender of the premises was agreed to, and Mr. Armstrong and Mrs. Rohbock say it never was agreed to by them. All that Mr. Armstrong admits having said was, that he would hold them liable for the balance of the rent if the lease was good. I think you understand the question for your determination : Was this old agreement canceled and the prem-

ises surrendered and accepted by Mrs. Rohbock, either by herself
or her agent, Mr. Armstrong? The defendants claim that after
this 1st of April, the circumstances show a ratification by Mrs.
Rohbock of the surrender and acceptance by them, although
the transaction, as I have told you, was entirely with Mr. Arm-
strong the agent; but they say the circumstances show not only
the positive acceptance by Mr. Armstrong, but its subsequent
ratification by Mrs. Rohbock. All those circumstances are for
you. If you find there was a surrender of the premises, and an
acceptance by Mrs. Rohbock, then that is a virtual cancellation
of the old lease, and the defendants would not be liable, and
your verdict must be for them. But if there was no such sur-
render of the premises, and acceptance by Mrs. Rohbock or her
agent, then the defendants are liable for the amount claimed.
The burden is upon the defendants to satisfy you by the weight
of the testimony that there was such a surrender of the premi-
ses, and an acceptance by Mrs. Rohbock, as would amount to
the cancellation of the old agreement before you can find a ver-
dict." [5]

The plaintiff's points and the answers thereto were as follows:

1. That defendants having remained in possession after the
first of January, 1892, they elected to avail themselves of the
privilege granted in the lease, namely, of remaining in posses-
sion until the first of April, 1896, and having so elected they
were bound to pay the rent provided for in said lease, to wit,
the sum of $150 on the first days of July, October, January and
April, of each and every year during said term, until the whole
amount of said rent is paid, unless said contract of letting was
rescinded by defendants, and the premises surrendered to and
accepted by plaintiffs. *Answer :* Affirmed. [1]

2. The contract of letting or lease between the plaintiff and
defendants in this case being for a period or term exceeding
three years from the making thereof, and being in writing, no
parol rescission or surrender would be a defense against the rent
claimed by the plaintiff, unless such parol rescission or surrender
were accompanied by a surrender of the possession of the leased
premises by the defendants to the plaintiff, or her agent, and
his or her acceptance thereof. *Answer :* Affirmed. [2]

3. The contract of lease between plaintiff and defendant
being in writing and under seal, the burden of proving a rescis-

sion or surrender thereof is upon the defendants who allege it, and all the terms and conditions of the alleged rescission or surrender must be proved by evidence that is clear, precise and indubitable. *Answer :* Affirmed. [3]

4. That under all the evidence in the case the verdict should be for the plaintiff for the full amount of her claim. *Answer :* Refused.

Defendant's points and the answers thereto were as follows:

1. Under all the evidence the verdict should be for the defendants. *Answer :* Refused. [4]

If this point is refused, then

2. If the jury believe that after the defendants had notified the plaintiff of their intention to vacate the demised premises on April 1, 1894, the plaintiff or her agent expressly consented, or by any course of action in effect consented to their remaining temporarily thereafter until the new building was ready for their occupancy, the verdict should be for the defendants. *Answer :* Affirmed.

Verdict and judgment for plaintiff for $818.75. Defendants appealed.

*Errors assigned* were, (1–3) In affirming plaintiff's first, second and third points, reciting points and answers thereto. (4) In refusing defendant's first point, reciting same. (5) To a portion of the judge's charge, reciting same.

*H. G. Wasson,* with him *W. K. Jennings,* for appellants.—The court erred in instructing the jury that the burden of proof was upon the defendants to establish a surrender and acceptance of the lease by evidence that was clear, precise and indubitable: Gillion v. Finley, 22 W. N. C. 124.

We are utterly unable to reconcile the learned judge's affirmance of the plaintiff's first point with the affirmance of the defendant's second point. The defendant's second point is wholly predicated upon the defendant's right to terminate the lease on April 1, 1894. Under all the evidence, having affirmed the second point for the defendants we maintain that the first point ought also to have been affirmed.

The plaintiff had full cognizance of the arrangement by which the defendants were to temporarily occupy the demised prem-

ises after April 1, 1894, but even if she had not her agent's authority to make it was ample. Such is the ruling in Weightman v. Harley, 20 W. N. C. 470.

Although timely notice of the defendants' intention to vacate April 1, 1894, was given, no act of assembly requires notice on the part of a tenant: Brown v. Brightly, 14 W. N. C. 497; Cook v. Neilson, 10 Pa. 41.

*J. I. Buchanan* of *Montooth Bros. & Buchanan*, for appellee. —The act of the appellants in holding over or remaining in possession after April 1, 1892, was an election upon their part to avail themselves of the privilege granted by the lease to remain in possession until April 1, 1896. They were not, therefore, merely tenants from year to year: Clarke v. Merrill, 51 N. H. 415; Delashman v. Berry, 20 Mich. 292; Tracy v. Exchange Co., 7 N. Y. 472; Kramer v. Cook, 73 Mass. 550; Montgomery v. Board of Commissioners, 76 Ind. 362; McBrier v. Marshall, 126 Pa. 390; Harding v. Seeley, 148 Pa. 20.

A contract of letting on lease between plaintiff and defendants, being in writing, for a period or term exceeding three years, no parol rescission or surrender would be a defense against the rent claimed by the plaintiff unless such parol rescission or surrender were accompanied by a surrender of the possession of the leased premises by the defendants to the plaintiff, or her agent, and his or her acceptance thereof: Auer v. Penn, 92 Pa. 444; Auer v. Penn, 99 Pa. 370; Breuckman v. Twibill, 89 Pa. 58; Milling v. Becker, 96 Pa. 182; Teller v. Boyle, 132 Pa. 56.

The defendants do not set up a surrender by abandonment or implication, but allege an express contract or agreement which in effect abrogates and avoids the covenants of the lease and amounts to a rescission of a writing under seal, and it is certainly not error to instruct the jury that the burden of proving such a contract or agreement is upon the defendants, who allege it, and that all the terms and conditions of the alleged agreement must be proven by evidence that is clear, precise and indubitable: Spencer v. Colt, 89 Pa. 314; Hart v. Carroll, 85 Pa. 508; Sacks v. Schimmel, 3 Pa. Superior Ct. 426.

OPINION BY WICKHAM, J., July 23, 1897:

The plaintiff in this case leased to the defendants, by a writ-

ing, dated January 23, 1891, certain premises in the city of Pittsburg. The following clause of the lease gave rise to the present controversy, to wit: " The said party of the first part doth hereby lease and let, unto the said parties of the second part, from the 26th day of January, 1891, for and during the term of one year, two months and six days, with the privilege of remaining in possession until the 1st day of April, 1896, for the annual rental of $600, payable as follows, viz: $100 on April 1, 1891, and thereafter $150 on the first days of July, October, January and April of each and every year during said term, until the whole amount of said rent is paid."

There was thus created a certain term, ending on April 1, 1892, with the option of a renewal, on the part of the lessees for another term of four years, on the same agreements and stipulations, except the covenant of renewal: Cairns v. Llewellyn, 2 Pa. Superior Ct. 599. No question of rescission or cancelation was raised by the evidence, the only proper inquiry being whether or not the lessees elected to renew, it being their privilege and not the lessor's to decide this matter. Nor was the case affected by the principles which apply to a technical surrender, that is, a yielding up of the demised premises and an acceptance thereof by the lessor. It was a matter of no moment whether the lessor accepted or not, provided that the lessees gave up possession, at the end of the first term. This, however, they did not do, but remained in possession until June 1, 1892.

Without explanation, their remaining over would be conclusive evidence of an election to hold for four years longer: McBrier v. Marshall, 126 Pa. 390; Cairns v. Llewellyn, supra, and authorities therein cited. It may be remarked here that the decision in Gillion v. Finley, 22 W. N. C. 124, cited for the appellants in support of the contrary view, is not in harmony with later decisions of our Supreme Court. But the defendants allege, and this is conceded, that, before the first term ended, they notified the plaintiff that they would not accept the second. They further aver that in March, 1892, they made a special arrangement with the plaintiff's agent to hold over, at the same rent, until the building they were then erecting would be ready for their occupancy, perhaps two or three months after April 1, 1892, and if this be true, their retention of the premises

would, of course, be attributable to the new contract, instead of to their right under the option.

The jury should have been instructed, that if the agent entered into this agreement, and it was within the scope of his employment, their verdict should be for the defendants, otherwise the plaintiff was entitled to recover. There was nothing more in the case. The plaintiff's first, second and third points, instead of being affirmed, as they were, should have been refused. The first is so framed as to lead the jury to infer that, unless there was a rescission or surrender, after April 1, 1892, the defendants were liable. It is at least so doubtful in its meaning as to be confusing. As said before, the question of rescission is not in the case. It was merely a matter of acceptance or refusal of the option, on the part of the defendants, and the words "rescission," "cancelation," and "surrender," in the sense wherein they were used, were likely to mislead.

The second point is open to the same objections as the first, and to the further one, that it assumes that the lease was for a period exceeding three years. As we have already indicated, the lease was what it purported to be on its face, that is, for one year, two months and six days, with a provision that the lessees, at their own pleasure, might extend it for a further term of four years.

The third point, besides being liable to some of the objections that lie to the first and second, calls for too high a degree of proof in support of the defense. It was not necessary to establish it by "clear, precise and indubitable evidence," a preponderance was enough. The defendants were not seeking to modify, add to, contradict, or rescind the written lease. The oral agreement set up was independent of it, and was made after the defendants had notified the plaintiffs, as is admitted, of their intention not to renew, the notice having been given and the agreement made, if made at all, before April 1, 1892. The defendants, even if they had not given the notice, were still entirely free, so far as accepting or refusing the option was concerned, and the oral agreement would in itself be a refusal. Of course, if their story as to this agreement were rejected by the jury, their subsequent holding over, notwithstanding their previous notice, impliedly created a new term.

The first, second, third and fifth specifications of error are sustained.

Judgment reversed and a venire facias de novo awarded.

A motion for reargument being duly allowed, a reargument was had before the court in Philadelphia, November 1, 1897.

*H. G. Wasson*, with him *W. K. Jennings*, for appellants.—The judgment of the lower court ought to be reversed if for no other reason than because of the error manifest in the affirmance of the plaintiff's third point.

The defendants should not have been held to measure their proofs by this standard: Spencer v. Colt, 89 Pa. 314; Hain v. Kalbach, 14 S. & R. 158; Woods v. Farmare, 10 Watts, 195; McGinity v. McGinity, 63 Pa. 38; Plumer v. Guthrie, 76 Pa. 441; Hart v. Carrol, 85 Pa. 508.

Parol agreements of like character do not infringe the rule that extrinsic verbal evidence is not admissible to contradict or alter a written instrument, neither are they in violation of the statute of frauds, and are supported by judicial authority: 1 Greenleaf on Evidence, par. 303; Kiester v. Miller, 25 Pa. 481; McBrier v. Marshall, 126 Pa. 390; McCauley v. Keller, 130 Pa. 53; Harvey v. Gunsberg, 148 Pa. 294; McClelland v. Rush, 150 Pa. 57; Walker v. Githens, 156 Pa. 178; Washburn on Real Property.

*J. I. Buchanan* of *Montooth Bros. & Buchanan*, for appellee.—The words "clear, precise and indubitable," have often been used by the courts in describing the kind of evidence necessary in such cases: Spencer v. Colt, 89 Pa. 314; Hart v. Carroll, 85 Pa. 508; Sacks v. Schimmel, 3 Pa. Superior Ct. 426.

OPINION ON REARGUMENT BY WICKHAM, J., December 13, 1897:

Owing to a misapprehension as to dates, a portion of the opinion heretofore handed down in this case, is inapplicable to the facts. It appears that the defendants' notice of their intention to quit the leased premises was given, and the alleged new contract made, long after the second term had commenced. The learned judge of the court below was, therefore, right in

holding that the whole controversy centered in the surrender and acceptance set up by the defendants.

If necessary, the case of Gillion v. Finley, 22 W. N. C. 124, so strongly relied on by the defense, can be distinguished, in its facts, from the one in hand. In Gillion v. Finley, the lease was for " the term of one year with the privilege of three years; from first day of April, A. D. 1885, at the rent of two hundred and four dollars per year to be paid in twelve monthly portions." Nothing was said as to the three years constituting an integral term, and it was held that the language used meant, that the tenant had the right to remain from year to year, not exceeding three years.

In the present case, however, the lessees are given the privilege of holding from April 1, 1891, the end of the definite term, " until the first day of April, 1896," and this second period was evidently in the minds of the parties when they use the words " during said term " in the clause fixing the times for the payment of the rent. The lessees were given the right to hold for and during the continuous period of time intervening between April 1, 1891, and April 1, 1896. This is the plain and obvious meaning of the language used. When they accepted the option, they at once took this integral term and not a portion thereof, nor a mere tenancy from year to year.

We feel obliged to adhere to our original view respecting the degree of proof requisite to establish the surrender. Of course the agreement, as to this matter, should be clear and explicit. If it be of that character, we think that it is enough that it, and the landlord's acceptance, be established by a fair and full preponderance of the evidence. This is not an attempt to reform, modify or contradict a written instrument, but an effort to prove a new and executed contract based on a new consideration, namely, the restoring to the landlord, of the leased premises: 1 Greenl. Ev. 303 ; Malone v. Dougherty, 79 Pa. 46. Nor is it an attempt to escape the operation of the statute of frauds. In the language of Chief Justice THOMPSON in Pratt v. Richards Jewelry Co., 69 Pa. 53, " I cannot see wherein the statute of frauds had anything to do with it." So also in Auer v. Penn, 92 Pa. 444, it was said: " The fact that a lease is for a longer term than three years does not prevent a rescission thereof, by agreement of the parties, when accompanied by a surrender of

the term and possession, by the tenant to the landlord, and the acceptance thereof by the latter. It is not like a sale and transfer, to a stranger, of an interest in land greater than a term of three years, and therefore is not within the statute of frauds. It is a yielding up, to the reversioner, the limited estate derived from him whereby the future tenancy is rescinded. The relation of landlord and tenant is thereby ended."

There is no reason, therefore, for requiring the exceptionally high measure of proof necessary to take a case out of the statute, or to reform a writing. The degree of evidence that would support an allegation of the termination of the tenancy, or suspension of rent as the result of forfeiture, eviction or abandonment, ought, on principle, to be sufficient.

It is true, that in Hooks v. Forst, 165 Pa. 238, the court below told the jury that the evidence of surrender must be clear, precise and indubitable. As the defendants, who were· the parties likely to be injured by this instruction, prevailed at the trial, they had no occasion to complain of it elsewhere. It is significant, however, that the Supreme Court uses language in referring to the instruction, which contains some ground for the inference that, in the opinion of that tribunal, the plaintiffs had been, if anything, too favorably treated.

It is due to the learned trial judge to say that, in his general charge, he laid down the correct rule as to the measure of proof· required of the defendants, but unfortunately this was nullified by his later (and, perhaps, inadvertent) affirmance of the plaintiff's third point. Because of this error, we are compelled to allow our judgment, heretofore rendered, to stand.