## Jawer *v.* Borner, Appellant.

*Landlord and tenant—Written lease—Notice to quit—Waiver of notice—Increase of rent—Continuance of existing lease.*

Where a tenant in possession under a written lease for one year, with renewal clause from year to year, receives notice to quit, the fact that he is permitted to remain for another year at an agreed increase of rent, in the absence of proof of any agreement for a new term, must be regarded as a withdrawal of the notice, and a continuance of the existing lease at the new rent.

Argued January 12, 1922. Appeal, No. 140, Jan. T., 1922, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1921, No. 1050, discharging rule to open judgment, in case of Fannie E. Jawer v. A. Carl Borner. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Rule to open judgment entered on warrant in written lease, for one year, with renewal clause from year to year. Before FERGUSON, J.

1922.]     Assignment of Error—Opinion of the Court.

The opinion of the Supreme Court states the facts.
Rule discharged. Defendant appealed.

*Error assigned* was above order.

*J. Quincy Hunsicker,* with him *Edward H. Cushman,*
for appellant, cited: Henderson v. Clay Mfg. Co., 24 Pa.
Superior Ct. 422; Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330.

*Owen J. Roberts,* with him *George G. Chandler,* for appellee.

PER CURIAM, February 6, 1922:

We adopt the following excerpts from the opinion of
the court below, discharging a rule to open a judgment
entered by confession, on a warrant contained in a written
lease: "The petition......avers that, on or about
February 25, 1920, the then landlord entered into a parol
lease of the premises in question, for a term of three
years, beginning May 15, 1920......Defendant's evidence
is to the effect that......, after a notice to terminate
the existing tenancy on May 15, 1921, had been
received by him, a parol agreement was entered into for
the execution of a new lease for three years, the only
other term agreed upon being the amount of the rent,
which was to be at the rate of $10 per month more than
the rent defendant was then paying. When the new
lease was to commence was not shown; this is greatly at
variance with the averment of the petition [in support
of the relief asked], and, in itself, is sufficient to justify
us in discharging the rule. We are not convinced, however,
that......an agreement [for a new period of three
years] was made. There was discussion touching a new
lease, which never, verbally or otherwise, was reduced to
definite terms. The fact that the tenant was permitted
to remain for another year, at an [agreed] increase of
rent [in the absence of proof of the alleged agreement

for a new term of three years, depended on by appellant] must be regarded as a withdrawal of the notice and a continuance of the existing lease [at the new rent]."

For correct statements of the ruling principles involved, see Walker v. Githens, 156 Pa. 178, 180; Whitehill v. Schwartz, 27 Pa. Superior Ct. 526, 529; see also opinions by Judge ALLISON in Taylor v. Winters, 6 Phila. 126, and by Judge STROUD in Pittfield v. Ewing, 6 Phila. 455, 457, 458. The following cases, from other states, also are enlightening: Higgins v. Halligan, 46 Ill. 173, 180, 181; Amsden v. Floyd, 60 Vt. 386, 390; Despard v. Walbridge, 15 N. Y. 374, 376; Schuyler v. Smith, 51 N. Y. 309, 313; Adriance v. Hafkemeyer, 39 Mo. 134, 135; Moore v. Harter, 67 Ohio 250, 253. Abrams v. Sherwin, 269 Pa. 31, 33, is readily distinguishable in its facts from the case at bar.

The order appealed from is affirmed.