[Civ. No. 1177.  First Appellate District.—February 13, 1913.]

## RAUER'S LAW AND COLLECTION COMPANY, Respondent, v. THIRD STREET IMPROVEMENT COMPANY et al., Appellants.

LANDLORD AND TENANT—SURRENDER OF PREMISES BY IMPLICATION.—An express agreement to surrender and accept leased premises need not be shown; such an agreement may be implied from the circumstances and the acts of the parties.

ID.—TERMINATION OF LEASE BY MUTUAL CONSENT—ACTS SHOWING.—Where alterations made by the landlord in a building practically prevent the tenant from carrying on the business for which he rented the premises, and he therefore vacates the building and so notifies the landlord, and at his request turns over the keys to him, and demands a return of money deposited as security for the rent, to which the landlord replies, "that will be all right, we will fix that up in a few days," a finding that the lease has been terminated by mutual consent is warranted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.  B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Arthur W. Perry, for Appellants.

Wm. Tomsky, for Respondent.

LENNON, P. J.—In this action judgment was rendered and entered for the plaintiff.  The appeal is from the judgment and from an order denying a new trial upon the judgment-roll and a statement of the case.

The action was for money had and received by the defendants for the use and benefit of the plaintiff.  The facts of the case, as developed by the evidence, show that the sum sued for was deposited by plaintiff's assignor with the defendants in lieu of a bond, to secure the payment of rent reserved in a contract of lease executed by the plaintiff's assignor and the defendants.

The trial court found that the lease had been terminated by the mutual consent of the parties, and that thereupon the defendants had received and taken possession of the leased premises. From this finding the conclusion of law was deduced that the plaintiff was entitled to the return of the money deposited, and the court gave judgment accordingly. The only point made in support of this appeal is that the evidence does not support the finding mentioned.

The evidence upon this phase of the case is to the effect that the lessee, plaintiff's assignor, vacated and abandoned the leased premises—a store—because of certain alterations which were being made by the defendants in and upon the building in which the store was located and which practically prevented the lessee from carrying on the business for which the premises were rented and used. The lessee notified the defendants that the premises had been vacated and abandoned for the reasons stated. Thereupon the defendants requested and were given the key of the premises. At the time of the abandonment of the premises and the surrender of the key thereof the lessee made a demand for the return of the money which had been previously deposited as security for the rent, to which defendants replied, "That will be all right. . . . We will fix that up in a few days." The defendants did not then nor at any other time indicate, either expressly or impliedly, that they would continue to hold the lessee liable for the rent reserved for the term provided in the lease. Shortly after this conversation the defendants entered upon the premises and affixed thereto a "To Let" sign.

An express agreement to surrender and accept leased premises need not be shown. Such an agreement may be implied from the circumstances and the acts of the parties. (2 Taylor on Landlord and Tenant, sec. 515.) While no one of the things said and done by the parties to the lease prior to and upon the vacation and abandonment of the premises would be in and of itself sufficient evidence of the surrender of the term and its acceptance by the defendants, nevertheless all of the circumstances narrated warrant the inference that the surrender of the leased premises was made and accepted by operation of law, and sufficiently support the finding that the relation of landlord and tenant previously existing between plaintiff's assignor and defendants was terminated by mutual

consent. (Jones on Landlord and Tenant, secs. 540, 548, 549; 2 Taylor on Landlord and Tenant, sec. 507; *Welcome* v. *Hess,* 90 Cal. 507, [25 Am. St. Rep. 145, 27 Pac. 369].)

There is some slight conflict in the evidence on the whole case as to what was said and done by the parties to the lease at the time of the abandonment of the premises. The trial court however accepted the plaintiff's evidence, and apparently gave but little if any credence to the evidence produced on behalf of the defendant. This it had the right to do, and its decision of the question of fact, rendered upon conflicting evidence cannot be disturbed by this court.

The judgment appealed from and the order denying a new trial are affirmed.

Hall, J., and Murphey, J., *pro tem.,* concurred.