## AYLENA YOUELL v. ANDREW J. KRIDLER.

*Lease—Assignment—Surrender—Reletting—Questions for jury.*

A lessee, in violation of his covenant not to assign the lease or sublet the leased premises without the written consent of the lessor, assigned the lease. The assignee made a second assignment, and, at the request of the lessee, the lessor consented to the occupancy of the premises by the second assignee, coupled with the statement that she should look to the lessee for the rent. The second assignee arranged to sell his interest in the lease, and the proposed purchaser and the lessee, the latter representing the second assignee, called upon the lessor, who, as she testified in an action brought by her against said proposed purchaser to recover rent subsequently accruing, made an oral lease of the premises to him, while he testified that she consented to his occupancy, but told the lessee that she should look to him for the rent. The lessee testified that the lessor said she was satisfied to let the proposed purchaser take the place of the second assignee so long as he paid the rent, and, if not paid by him, she should look to the lessee for it. The second assignee thereupon surrendered the premises to the proposed purchaser. And it is held that these negotiations and circumstances may have amounted to a surrender of the term, and a leasing to the proposed purchaser, which questions were properly submitted to the jury.

Error to Kent. (Adsit, J.) Submitted on briefs April 17, 1895. Decided May 21, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles A. Watt,* for appellant.

*Lombard Bros.,* for plaintiff.

HOOKER, J. Plaintiff, being owner of a building, leased the same, by written lease, to Gerrit Vander Meulen, for one year, at a monthly rental of $83.33, payable in advance upon the first day of each and every month. Vander Meulen covenanted that he would not assign or transfer the lease, or sublet the premises, without the written assent of the plaintiff. The lease commenced June 3, 1893, Vander Meulen going into possession immediately. On June 19, 1893, he assigned the lease to Amberg & Bro. On July 13, Amberg & Bro. assigned to one Looey. Plaintiff claimed that both of these assignments were without her knowledge or consent. About the time (and, plaintiff claims, before) Looey took possession, Vander Meulen called upon the plaintiff, and asked her to consent to Looey's occupancy, which she did. She says that she stated that if Looey failed to pay the rent she should still look to Vander Meulen for it. Looey paid two months' rent. About October 1, 1893, the defendant, Kridler, arranged with Looey to buy him out, and Kridler and Vander Meulen called upon the plaintiff in relation to the matter. The plaintiff testified that Vander Meulen said he had no money to keep the place, and that Mr. Kridler was responsible, and that she thereupon made an oral lease to him at the same rental, and he went into possession. Kridler testified that on this occasion she consented to his occupancy, but told Vander Meulen that she should look to him for the rent. Vander Meulen says that she said she was satisfied to let Kridler take Looey's place, so long as he paid the rent, and that if he did not pay it she should look to him (Vander Meulen). He also said that he had no interest in the place at the time, and

went with Kridler, to call upon the plaintiff, for the accommodation of Looey, who could not speak English. Vander Meulen's testimony is substantially in accord with the plaintiff's, in relation to the talk about Looey, and he said he told her he had sold out to Looey. Kridler entered October 1, and occupied a month and 14 days, when he sold out to one Hayer.

The court submitted the case to the jury upon the claim by the plaintiff that she made an oral lease to Kridler, who took possession under it upon a surrender by Vander Meulen, and a verdict was rendered in the plaintiff's favor, from which defendant appealed.

The defendant alleges error in the refusal to give certain requests, upon the following grounds:

"1. Because there were no contract relations between the parties.

"2. Because, at most, defendant was merely a subtenant, and could not be sued by the original lessor.

"3. Because, if the Court should consider the defendant was an assignee of the lease, he had reassigned, and thereby avoided the obligation."

The court submitted to the jury the question of fact, whether an oral lease was made between these parties. This was right, unless it can be said that the evidence conclusively showed that no such lease was made, or unless the condition of affairs precluded plaintiff from making a valid lease to defendant. There was certainly evidence tending to support the plaintiff's theory. The contention that her conduct had been inconsistent, by reason of various notices to quit served by her attorney upon different persons, was for the jury. We think, also, that there was evidence which justified the jury in finding a surrender of the premises by Vander Meulen at the time of the arrangement with Kridler. It is not disputed that Vander Meulen, as the representative of Looey, conducted the negotiations for Kridler's occupancy. Whatever they were, they bound him and Looey, and Looey acquiesced by yielding possession to

Kridler. These negotiations and circumstances may have amounted to a surrender of the term, and a leasing to Kridler, as the plaintiff asserts. See *Logan v. Anderson,* 2 Doug. 101; *Donkersley v. Levy,* 38 Mich. 59.

It is unnecessary to discuss the other assignments of error.

The judgment will be affirmed.

The other Justices concurred.