# Wytheville.

MARTIN v. COLUMBIAN PAPER CO.

July 2, 1903.

1. RES JUDICATA—*Successive Suits.*—After a final decree in a suit, a second suit between the same parties or their privies, involving the same subject matter, and having a common object with the first suit, is precluded by the decree in the first suit. The matter is *res judicata.*

Appeal from a decree of the Circuit Court of the city of Bristol, pronounced May 24, 1902, in a suit in chancery wherein appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*Jno. E. Burson* and *H. W. Sutherland,* for the appellant.

*Peters & Lavinder,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

In the year 1870 Christopher Martin died intestate, leaving a widow and six children. He owned no personal estate, but was seised and possessed of 1 1-3 acres of land, situate within the corporate limits of the city of Bristol. A creditor of the decedent, having obtained a judgment against the estate, filed a bill in equity against the administrator and widow and heirs to

sell the lot in question for the payment of debts. Subject to the widow's dower, which was assigned, the land was sold, the sale confirmed, and the title conveyed to the purchaser. After several intermediate sales and conveyances, the property was purchased by the present owner, the Columbian Paper Company.

In August, 1900, appellant, Daniel Martin, one of the heirs of Christopher Martin, deceased, who, by oversight was not made a party to the creditors' bill, brought suit against the surviving heirs and the various purchasers of the lot, in which he sought to have the several deeds to the same declared void, and the cloud which they cast upon his title removed, and the land partitioned among the heirs of Christopher Martin.

At the hearing the bill was dismissed, but without prejudice to any rights that plaintiff might have to sue at law. Thereupon Martin applied to this court for an appeal from that decree, which was refused.

In April, 1902, he filed a second bill, to which appellee was made a party, and in which he again asserts title to an undivided one-fifth interest in the lot, and prayed that the same, if practicable, might be partitioned in kind, and, if not, that the whole might be sold, and the proceeds divided.

To that bill the defendant filed a plea of *res judicata*, and to a decree sustaining the plea and dismissing the bill this appeal was allowed.

It appeared in the first suit for partition that Daniel Martin was an adult at the date of the institution of the creditors' suit; that the sale of the lot was confirmed in October, 1879, and that the suit to vacate that decree was not brought until August, 1900, nearly twenty-one years thereafter; and he assigns no sufficient reason for the long delay in the assertion of his rights.

It, moreover, appears, in April, 1877, when the land was sold, that the debts against the estate of Christopher Martin, deceased, amounted to $178.40, and that the land sold for only

$95, of which sum $63.75 were consumed in costs, leaving only $31.25 to be applied to the payment of debts.

There was no suggestion that the sale was not a fair one, or that the lot brought an inadequate price. It thus appears that the property was insufficient to pay the ancestor's debts, and the heirs, of course, could only take in subordination to the rights of creditors. Upon that state of facts this court was of opinion that there was no error to the prejudice of Daniel Martin in the decree dismissing the bill, and denied an appeal.

The two suits were between the same parties, or their privies; they involve the same subject-matter, and have a common object—namely, to partition the land in controversy, which relief was denied in the first suit.

Upon familiar principles, therefore, the decree complained of, which sustained the plea of *res judicata*, and dismissed the bill in the present cause, is without error, and must be affirmed.

*Affirmed.*