# Richmond.

## HOSTER-COLUMBUS ASSOCIATED BREWERIES CO. AND ANOTHER v. STAG HOTEL CORPORATION.

March 10, 1910.

Rehearing denied June 9, 1910.

Absent, Buchanan, J.

1. RES JUDICATA—*Second Controversy Over the Same Matters.*—On the trial of a second distress warrant for rent between the same parties, for the same premises, and arising under the same contract, all defenses to the merits settled on the trial of the first warrant are concluded on the trial of the second. Under the doctrine of *res judicata* a former judgment on the merits, rendered in an action between the same parties, is a bar to all matters of law and fact which were, or which might heve been, properly put in issue and decided by the previous judgment.

2. APPEAL AND ERROR—*Case Heard by Trial Judge—Judgment of Same Weight as a Verdict.*—Where all matters of law and fact arising in an action at law are heard and determined by the court, without the intervention of a jury, and the evidence, and not the facts, is certified, the judgment of the trial court will be given the same weight as if it were the verdict of a jury. It will not be set aside if there is sufficient evidence to warrant the judgment.

3. LANDLORD AND TENANT—*Abandonment of Premises—Re-entry by Landlord.*—Where a tenant has not surrendered the leased premises to the landlord, but has abandoned them, and the landlord re-enters with the knowledge and consent of the tenant and for the purpose of minimizing his costs, this is not such an acceptance of a surrender by the landloard and a termination of the relation of landlord and tenant as will prevent a further liability of the tenant for rent.

Error to a judgment of the Corporation Court of the city of Norfolk on a motion for an award of execution on a forfeited forthcoming bond taken on a distress warrant for rent. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Hugh C. Davis, Hugh W. Davis* and *E. R. F. Wells*, for the plaintiff in error.

*Leo Judson*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

This is a writ of error to an order of the Corporation Court of the city of Norfolk, awarding execution to the defendant in error against the plaintiffs in error upon a forthcoming bond taken on a distress warrant for the amount of rent ascertained to be due from the Hoster-Columbus A. B. Co., hereinafter called the Hoster Co., to the Stag Hotel Corporation, hereinafter called the plaintiff.

The rent which is the subject of this litigation covered the period from May 1 to October 31, 1908, and accrued under a written lease from the plaintiff to the Hoster Co. for "all that certain space located on the first floor of the Haddington Building in the city of Norfolk . . . which said space is about twenty-one feet and nine inches long by sixteen feet and six inches wide." The lease was for a term of five years at a rental of $2,000 *per annum*, payable in equal monthly installments.

The Hoster Co. had previously made default in payment of certain installments of rent; whereupon a distress warrant was sued out for the rent in arrear and a forthcoming bond given with the same surety as in this case, the Atlantic

Trust and Deposit Company; and at the hearing the court awarded execution for the rent due, with interest and costs.

Two assignments of error are relied on here: (1) That the court erred in sustaining the motion of the plaintiff to strike out the first nine grounds of defense, and in refusing to allow the defendants to introduce evidence in support of them.

These identical defenses were interposed by the defendants in the former case, and the judgment on the merits in that case constitutes an absolute bar touching the same matters of defense relied on in this instance. The rule is too well settled to call for citation of authority, that under the doctrine of *res adjudicata* a former judgment on the merits, rendered in an action between the same parties, is a bar to all matters of law and fact which were, or which might have been, properly put in issue and decided by the previous judgment.

It is contended (2) that the court erred in overruling the defendants' motion to strike out of the rent statement all items claimed as rent which accrued after September 30, 1908, and in rendering judgment against the defendants for an amount which included those items. This assignment is founded upon the assumption that during the month of October, 1908, after the Hoster Co. had abandoned the premises, the plaintiff re-entered and tore down the partition wall which separated the leased premises from an adjoining room, and removed certain temporary plumbing apparatus which the lessee had installed, and leased the entire space formerly comprising two separate rooms to another tenant. This conduct on the part of the plaintiff, it is insisted, by operation of law constituted an acceptance of the surrender of the premises by the Hoster Co., and terminated the relation of landlord and tenant between them, and consequently there was no further liability on the Hoster Co. to pay rent.

The contention, however, loses sight of the fact that the

evidence on behalf of the plaintiff tends to show that, at the time of re-entry by the plaintiff, there had been no surrender of the premises by the tenant; that the Hoster Co., through its agent, had declared that the bar was not profitable, and for that reason it would not renew the license and continue business; and that the acts of the plaintiff, now set up as grounds of forfeiture, were done with the knowledge and acquiescence and on behalf of the Hoster Co. for the purpose of minimizing its loss.

The trial court accepted that theory of the evidence; and the rule is well settled that in the trial of a case at law, where neither party demands a jury and the whole matter of law and fact is heard and determined by the court, and the evidence, not the facts, is certified, the judgment of the trial court will be given the same weight as if it were the verdict of a jury. *Martin* v. *Richmond, &c., R. Co.,* 101 Va. 406, 44 S. E. 918.

The evidence for the plaintiff, if true, was sufficient to warrant the judgment of the corporation court, and it must be taken to be true on this writ of error.

*Affirmed.*