# Rafferty *v.* Klein, Appellant.

*Assumpsit—Affidavits of defense—Sufficiency.*

1. An affidavit of defense is sufficient that sets forth in words or by necessary inference therefrom the indispensable elements of a defense. It need not be drawn with such nicety that no critical skill can suggest an objection. If it sets forth substantially a good defense it should be supported and it need not be framed with the technical accuracy of formal pleadings.

*Landlord and tenant—Lessor and lessee—Surrender of lease—Acceptance—Bankruptcy of lessee—Principal and surety—Surety for rent—Res judicata.*

2. A surrender of the demised premises by the lessee accepted by the lessor, severs the relation of landlord and tenant, and constitutes a complete defense to a claim for rent thereafter accruing.

3. The liabilty of a surety is not greater than that of the principal, and a judgment in favor of the principal debtor upon the merits of the case can be interposed as a defense by the surety.

4. A discharge of the principal in bankruptcy does not release the surety.

5. In an action on a surety bond conditioned for the performance of the covenants of a lease, where plaintiff sought to recover for unpaid rent, an affidavit of defense is sufficient which alleged that the lessee had been put into bankruptcy and a receiver had been appointed for his estate; that the receiver surrendered the demised premises to plaintiff, which surrender plaintiff accepted; that subsequently plaintiff made a lease thereof for a term of years, including the period for which rent was claimed, and that the lessee under such lease had been in possession thereunder, and further that plaintiff had submitted a claim for rent to the referee who had ascertained the amount due, and that no appeal had been taken therefrom.

Argued Oct. 23, 1916. Appeal, No. 165, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 2316, for want of a sufficient affidavit of defense, in case of Gilbert T. Rafferty v. Joseph Klein. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Reversed.

Assumpsit on bond.

Rule for judgment for want of a sufficient affidavit of defense. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*Lowrie C. Barton,* with him *Abraham Seder* and *Alpern & Seder,* for appellant.—The fact that plaintiff presented a claim before the referee in bankruptcy which was allowed and no appeal was taken from said action of the referee precludes him from recovery on the bond: Glendening v. Red River Val. Nat. Bk. of Fargo, 11 Am. B. R. 245; Hargadine-McKittrick Dry Goods Co. v. Hudson, 122 Fed. Repr. 232; Elmore, Quilliam & Co. v.

Henderson-Mizell Mercantile Co., 43 L. R. A. (N. S.) 950; Bowers's Est., Stephan's App., 240 Pa. 388; People's Water Co. v. Pittston, 241 Pa. 208; Kauffmann v. Friday, 201 Pa. 178; Com. v. Fidelity & Deposit Co. of Maryland, 224 Pa. 95; U. S. v. Allsbury, 71 U. S. 186.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.— The issue before the referee was res inter alios acta: Bond, for use of Lyle v. Gardiner, 4 Binn. 269; Giltiman v. Strong, 64 Pa. 242; Respublica v. Davis, 3 Yeates 128; Cambria County Commissioners v. Canan, 2 Watts 107; White v. Smith, 33 Pa. 186; Rhodes v. Rhodes, 18 Pa. Superior Ct. 231; Byer's Est., 205 Pa. 66.

OPINION BY MR. JUSTICE WALLING, February 19, 1917:

This is an action on a bond given by a surety to secure payment of rent.

On October 2, 1911, the plaintiff, Gilbert T. Rafferty, leased to one Moritz L. Roth the premises known as No. 221 Fifth avenue, Pittsburgh, for the term of four years and seven months, at the rental of $1,250 per month for the first three months, and $1,629.40 per month for the balance of the term, making the total rental $88,476. At the same time the defendant, Joseph Klein, executed a bond to plaintiff in the sum of $4,000, conditioned for the faithful performance by the lessee of all the covenants and agreements in the lease; and a further condition to the effect that upon recovery on the bond an account should be stated between Rafferty and Roth and if it thereby appeared that plaintiff had received more money than he would if Roth had faithfully kept the covenants of the lease, the overplus to be returned to defendant. In December, 1912, a petition in involuntary bankruptcy was presented in the United States Court against Mr. Roth, and the Commonwealth Trust Company of Pittsburgh was appointed receiver and later trustee of his estate. On January 18, 1913, the receiver sold the merchandise and fixtures on the premises for

$17,349.79. Mr. Roth seems to have paid the rent in full to January 1, 1913; and plaintiff's statement avers that he made default in payment of the rent of $1,629.40 per month for the months of January, February, March and April, 1913, by reason of which he claims to recover in this suit the $4,000 specified in the bond, with interest thereon from May 1, 1913; a copy of the bond and lease being attached to the statement.

The affidavit of defense contains, inter alia, a general denial of liability, and also avers that the bankruptcy proceeding was in due course referred to the referee in bankruptcy, before whom plaintiff presented a claim of $6,802.86 on account of alleged defalcations of the lessee; to which exceptions were filed by the trustee, for the following reasons, to wit:

"First. Said estate is indebted to said claimant for only one month's rent, to wit, January, 1913, in the sum of $1,629.40.

"Second. The Commonwealth Trust Company of Pittsburgh as receiver of said estate surrendered possession of the premises in question and the unexpired term of said lease to said claimant on or about January 31, 1913, and said claimant then and there accepted said surrender and demised said premises to other parties, thereby fully releasing and discharging said estate from any liability for rent from and after January 31, 1913."

And also quoting the order of the referee allowing plaintiff only the sum of $1,629.40, from which no appeal was taken, and that the same was paid to plaintiff by the trustee, and therefore the rent claim is res adjudicata. It also contains an averment that shortly after the sale of the merchandise and fixtures, the plaintiff, for a valuable consideration, made a contract permitting the assignees of the purchaser of the merchandise, etc., to keep the same on the premises until such time as plaintiff would require possession thereof, pursuant to which they retained possession of the premises for about one month; and further:

"That subsequently, to wit, between January 18, 1913, and April 1, 1913, the said plaintiff leased and demised said premises for a term of years expiring long after April 30, 1916, to the May Drug Company at a monthly rental of $1,416.66 and said May Drug Company has been in possession of said demised premises under the terms of their said lease since on or about April 1, 1913."

The affidavit concludes as follows, viz:

"All of which facts are true and correct in so far as they are stated from affiant's own knowledge and in so far as they are derived through information from others, affiant believes the same to be true and correct, as he verily expects to be able to prove on the trial of this cause."

The court below made absolute the rule for judgment for want of a sufficient affidavit of defense. The case is not free from difficulty, but in our opinion the affidavit, while somewhat informal, makes out such a substantial defense as to entitle the defendant to a trial upon the merits:

"An affidavit of defense is sufficient if it sets forth in words or by necessary inference therefrom the indispensable elements of a defense. It need not be drawn with such nicety that no critical skill can suggest an objection. If it sets forth substantially a good defense it should be supported"; and, "it need not be framed with the technical accuracy of formal pleadings." Brown v. Gourley, 214 Pa. 154, 158.

On a rule for judgment the averments of the affidavit must be accepted as verity: Morrison v. Warner, 197 Pa. 59. A surrender of the demised premises by the lessee accepted by the lessor severs the relation of landlord and tenant, and constitutes a complete defense to a claim for rent thereafter accruing: Auer v. Penn, 92 Pa. 444; Binswanger v. Dearden, 132 Pa. 229.

It is stipulated in said lease that:

"All rights and liabilities herein given to or imposed upon either of the parties hereto shall extend to the

heirs, executors, administrators, successors and assigns of such party."

On the bankruptcy of the lessee, the leasehold estate passed to the receiver or trustee, who could surrender the same. True the averment in the affidavit of such surrender is from a statement of that fact by the trustee, but would seem to be embraced in the closing paragraph of the affidavit as one of the facts made by affiant on information and belief.

The referee in bankruptcy had jurisdiction to adjudicate the rent claim as between plaintiff and the estate of Moritz L. Roth; and, as the plaintiff voluntarily submitted his claim to the referee, he would seem to be prima facie concluded by the adjudication there made, from which he took no appeal. However, the suggestion of his counsel that the matter adjudicated by the referee was limited to so much of plaintiff's claim as was preferred, may be shown to be well founded. The liability of the surety is not greater than that of the principal: United States v. Allsbury, 71 U. S. 186. And a judgment in favor of the principal debtor upon the merits of the case can be interposed as a defense by the surety. However, the discharge of the principal in bankruptcy would not release the surety.

If, as averred, plaintiff took possession of the demised premises and without notice to the principal or surety made a lease thereof to a new tenant, for a term of years extending far beyond the expiration of the original term, thus blending the unexpired term in the general lease, even at a less rate per month, he cannot in our opinion recover from the original lessee for loss of rent resulting subsequent to the beginning of the new term, which seems to have been April 1, 1913. As the rent for January of that year has been paid, it would seem that the defendant would not be liable in any event beyond the rent for February and March, 1913, less whatever plaintiff may have received for the use of said premises during those months for the storage of merchandise, etc., as

above mentioned. There is not, so far as appears, any matter between the original lessor and lessee requiring an accounting, and so the clause above referred to in the bond with reference thereto does not seem here important. The case is such that the rights of the parties can be best determined by a trial, where all the facts and circumstances may be developed.

The judgment is reversed with a procedendo.