MURPHY v. BONEWELL.

APPEAL AND ERROR — EXCEPTIONS TO FINDINGS — CIRCUIT COURT
RULE—ASSIGNMENT OF ERROR—REVIEW.
  Where, in a case tried before the court without a jury, no
  exceptions were filed to the findings of the court in com-
  pliance with Circuit Court Rule No. 45 and 3 Comp. Laws
  1915, § 12587, and there is no assignment of error that
  the findings do not support the judgment or that they
  are against the weight of the evidence, the Supreme Court
  has no other duty than to affirm the judgment.

Error to Wayne; Root (Jesse H.), J., presiding.
Submitted February 3, 1922.   (Docket No. 24.)   De-
cided March 30, 1922.

Assumpsit in justice's court by James R. Murphy
against William L. Bonewell for money had and re-
ceived.   There was judgment for plaintiff, and defend-
ant appealed to the circuit court.   Judgment for plain-
tiff.   Defendant brings error.   Affirmed.

*Millis, Streeter, Murphy & Berns*, for appellant.

*David N. Harper*, for appellee.

FELLOWS, C. J.   This case was tried by the court
without a jury.   No points of law were presented.
No request for finding of facts was filed.   Judgment
was rendered for the plaintiff March 18, 1921.   The
trial judge states that several weeks later he was
requested to file written findings of law and facts.
This probably was an oral request as no request
of such character was filed.   The trial judge com-
plied with such request and findings were filed May
6th.   No exceptions to them were filed and no

extension of time was asked for or granted in which to file them or to propose amendments to them. July 6th without leave of the court proposed amendments were filed. In the main they were denied August 8th and on August 10th exceptions to the refusal to amend were filed and exceptions to certain findings were included. This was nearly five months after the judgment was entered. There is no assignment of error that the findings do not support the judgment or that they are against the weight of the evidence.

In this court counsel for the appellee insists that inasmuch as there has been no compliance with the provisions of Circuit Court Rule No. 45 and the statute (3 Comp. Laws 1915, § 12587), there is nothing before us for review. This court has in numerous cases pointed out the necessity of following the required practice in order to save questions for review in this court. Among the recent cases, see *Silfver* v. *Daenzer*, 167 Mich. 362; *Cascarelli* v. *Railroad Co.*, 202 Mich. 304; *Engel* v. *Tate*, 203 Mich. 679; *Messer* v. *Dornbos*, 210 Mich. 46; *Northern Assurance Co.* v. *Houghton Circuit Judge*, 169 Mich. 238, and especially *Federal Audit Co.* v. *Sawyer*, 196 Mich. 566, where earlier authorities are cited and quoted from. As the rule fixes the requirements prerequisite to a review of the case in this court, our jurisdiction is dependent on a substantial compliance with such requirements. In the instant case there has not been a substantial compliance with the rule and our attention has been challenged to the failure. Under these circumstances, we have no other duty than to affirm the judgment.

WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.

The late Justice STONE took no part in this decision.