MICHIGAN-LAFAYETTE BUILDING CO. *v.* CONTINENTAL BANK.

APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Where, in case tried without jury, there were no proposed amendments to findings or exceptions to findings as made, and no assignment of error that finding as made is not sustained by testimony or that it is against weight of evidence, there is nothing in record for Supreme Court to review.

Error to Wayne; Brennan (Vincent M.), J. Submitted April 10, 1930. (Docket No. 61, Calendar No. 34,761.) Decided June 2, 1930.

Assumpsit by Michigan-Lafayette Building Company, a Michigan corporation, against Continental Bank, a Michigan banking corporation, for rent under a lease. From a judgment for plaintiff, defendant brings error. Affirmed.

*Edmund M. Sloman* (*Everitt H. Wells,* of counsel), for plaintiff.

*Anthony Maiullo,* for defendant.

NORTH, J. Plaintiff, as lessor, in May, 1924, entered into a written lease with the defendant for a five-year term beginning July 1, 1924, covering "Store No. 3" of the Lafayette building of Detroit. Defendant occupied the premises as a branch banking house substantially 13 months. The rent was paid to August 1, 1925, and thereupon the defendant abandoned the premises and sought to terminate the

lease. Plaintiff endeavored to relet the premises and succeeded in doing so November 16, 1926. In this suit plaintiff recovered rentals accruing from August 1, 1925, to November 16, 1926, which, with accrued interest, amounted to $11,435.45. The case was tried before the circuit judge without a jury. At the close of the proofs he made an oral finding which was transcribed by the court reporter, signed by the judge, and filed. The defendant did not propose amended findings nor did it file exceptions to the findings as made. Review here is on defendant's assignments of error.

The questions before us are thus stated in appellant's brief:

"1. Upon notice of surrender of possession of the premises, and notice to rerent, did it become plaintiff's duty to mitigate its damages by securing a new tenant at a lower rental?

"2. If such be the obligation, was the duty fulfilled?"

The court's finding in part is as follows:

"The court finds as a fact that the plaintiff company, upon being notified that the bank desired to surrender its lease, did everything that was reasonably necessary and appropriate to mitigate and minimize its damages, and that the full amount of its claim should not be reduced because of the contention made by defendant that the plaintiff did not make reasonable efforts to rerent the premises and to mitigate the damages."

Appellant has no assignment of error asserting that the finding of the court as made is not sustained by the testimony or that it is against the weight of evidence. In the absence of such an assignment of error or of proper exceptions to the finding made,

there is nothing in this record for the court to review. *Murphy* v. *Bonewell*, 218 Mich. 171; *Carnahan* v. *M. J. & B. M. Buck Co., ante*, 198. While it is unnecessary to so state, we may add that the determination of the circuit judge is in accord with the merits of the case. The judgment of the lower court is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.