MICHIGAN LAFAYETTE BUILDING CO. v. CONTINENTAL BANK.

LANDLORD AND TENANT—CANCELLATION OF LEASE—SURRENDER BY OPERATION OF LAW.

Lessor's allegation in declaration in former action for rent that it had permitted cancellation of lease as of certain date, and had leased to another, constituted surrender of lease by operation of law.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 27, 1931. (Docket No. 130, Calendar No. 35,814.) Decided January 4, 1932. Rehearing denied April 4, 1932.

Assumpsit by Michigan Lafayette Building Company, a Michigan corporation, against Continental Bank for rent alleged to be due under a lease. Summary judgment for plaintiff. Defendant appeals. Reversed, and new trial ordered.

*Edmund M. Sloman,* for plaintiff.

*Anthony Maiullo* (*Morris W. Stein,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant to recover rent alleged to be due on a contract of lease in writing, dated May 29, 1924. Defendant pleaded the general issue and gave notice that plaintiff accepted a surrender of its lease and leased the premises to another company and put it in possession of the same; that plaintiff had on August 12, 1927, com-

menced suit against defendant by declaration; and in and by said declaration plaintiff set forth,

"That, notwithstanding the fact that plaintiff considered and treated the said lease in full force and effect and binding upon said defendant, and made repeated demands upon said defendant for the subsequent installments of rent accruing under said lease, it made numerous efforts to secure a tenant to take over said premises, so as to permit it to cancel said lease with said defendant and to release defendant from further obligation thereunder, but did not, however, succeed in doing so until the 16th day of November, 1926, as of which date pursuant to sundry requests of said defendant, it rented said premises to other parties;"

that judgment was subsequently taken by plaintiff against defendant upon this declaration for $11,435.45, the rent due to the date of cancellation alleged in the declaration above set forth, and that said judgment constituted former adjudication of plaintiff's cause of action set forth in the declaration herein, which judgment estops plaintiff from recovering in this cause. This plea was supported by an affidavit of merits. There was summary judgment for plaintiff and defendant appeals.

The defendant was liable under its lease at the time the first suit was commenced to plaintiff. Plaintiff had an opportunity to lease the premises to someone else. It was willing to do so but it desired to obtain a cancellation of the lease with the defendant. It set forth in its declaration that it did so and leased the premises to another. This constituted a sufficient surrender of defendant's lease by operation of law. In *Drew* v. *Billings-Drew Co.*, 132 Mich. 65, Baldwin leased to plaintiff Drew a building for three years. Subsequently a corpora-

tion was organized. Later the corporation became insolvent and a receiver was appointed. The lessor sought to recover rent under the original lease from the corporation for the occupation of his property. It is said:

"It was not in the power of Mr. Drew to impose his lease upon the corporation without the consent of the directors, but we do not think this was the effect of the transaction. The evidence shows that the fair value of the rental was $75 per month. Drew had gone out of business. Mr. Baldwin's building was required for the purposes of the corporation. Drew informed Mr. Baldwin of the situation. Baldwin declined to accept the corporation as his tenant under the lease, but was willing to lease the building to the corporation at the same rental as Drew had agreed to pay him until he could secure another tenant. The result was that Baldwin released Mr. Drew, and accepted the corporation in his stead as tenant. A surrender resulted by operation of law. *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Donkersley* v. *Levy,* 38 Mich. 54; *Gingrass* v. *Mather,* 128 Mich. 582; *Youell* v. *Kridler,* 105 Mich. 344."

Under the facts disclosed, summary judgment was improperly rendered. Judgment reversed, with costs. New trial ordered.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.