MICHIGAN LAFAYETTE BUILDING CO. *v.* CONTINENTAL BANK.

1. JUDGMENT—SUMMARY JUDGMENT.

Ordinarily, on motion for summary judgment, province of court is to determine whether case presents issue of fact for trial, but where facts are undisputed, question is upon law.

2. SAME—PROCEDURE ON REVERSAL OF SUMMARY JUDGMENT.

If defendant has not moved for judgment in connection with proceedings, Supreme Court, on reversal of summary judgment for plaintiff, must remand case for trial, and, on trial, if facts are different than on summary judgment, case is determined by said facts, but if facts are same, decision on summary judgment controls.

3. SAME—RES JUDICATA—LANDLORD AND TENANT—SURRENDER OF LEASE.

Where, in reversing summary judgment for lessor, Supreme Court construed effect of lessor's declaration in previous action as working surrender of lease by operation of law, said construction is law of case and governs unless impeached by facts developed at trial.

4. LANDLORD AND TENANT—ACCEPTANCE—SURRENDER OF LEASE—ABANDONMENT.

Whether lessor, in executing lease to another, after lessee abandoned premises, acted as lessee's agent or in its own behalf as acceptance of lessee's continuing offer to surrender, is to be determined by lessor's contemporaneous conduct and not by its secret intention.

5. SAME—EFFECT OF MAKING NEW LEASE.

Ordinarily, lessor's execution of new lease extending beyond period of abandoning lessee's term would indicate acceptance of surrender of lease, but where said procedure was expressly provided for in lease, it cannot be considered evidence of surrender.

On caring for and making repairs to premises by landlord, as acceptance of tenant's surrender, see annotation in 35 L. R. A. (N. S.) 1132.

On reletting, or efforts to relet, after tenant's abandonment or refusal to enter, as an acceptance of the surrender, see annotation in 3 A. L. R. 1080; 52 A. L. R. 154; 61 A. L. R. 773.

6. SAME—CHANGE OF POSITION—SURRENDER OF LEASE.

Where, after lessee abandoned premises, lessor continued to send monthly statements demanding payment of rent until it made new lease with new tenant, its change of position thereafter in not sending such statements supports lessee's claim that there had been completed surrender of its lease.

7. SAME—CHANGING CHARACTER OF LEASED PREMISES—SURRENDER OF LEASE.

Where character of leased premises was changed by removal of partition and joining of two stores into one and whole let to new tenant as one occupancy in one lease for one rent, and such lease was not made under arrangement with lessee of one of said stores which it had abandoned, lessor by said action assumed complete control of premises in its own right, and established acceptance of surrender of lease by operation of law.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 27, 1932. (Docket No. 104, Calendar No. 36,813.) Decided January 3, 1933. Rehearing denied March 2, 1933.

Assumpsit by Michigan Lafayette Building Company, a Michigan corporation, against Continental Bank for rent alleged to be due under a lease. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Edmund M. Sloman,* for plaintiff.

*Anthony Maiullo (Morris W. Stein,* of counsel), for defendant.

FEAD, J. May 29, 1924, plaintiff leased to defendant for five years, at monthly rent of $541.66 after the first year, store No. 3 in the Lafayette building, Detroit. In May, 1925, defendant was closed by order of the State banking department and vacated the building. October 20, 1926, plaintiff let stores Nos. 2 and 3 to George A. Drake & Company, at

monthly rent of $1,041.66 for one year from November 1st, with option in lessee to renew for an additional nine years. The partition between stores 2 and 3 was removed, and no division of rent was made in the lease as between them. Store No. 3 had a greater rental value at the time than the sum provided in defendant's lease. Drake & Company did not renew the lease. June 1, 1928, plaintiff leased stores 2 and 3 to Frank H. Pitt for five years at rental based on gross sales, but with minimum of $400 per month and right in each party to cancel on 60 days' notice. Pitt canceled after a few months' occupancy.

August 12, 1927, plaintiff commenced action against defendant to recover rent to November 16, 1926, when Drake & Company took possession, and had judgment, which was affirmed by this court in June, 1930 (250 Mich. 591), and the judgment paid June 14, 1930.

The present action was commenced August 20, 1930, to recover for the unrented balance of the term. Plaintiff had summary judgment, which was reversed (256 Mich. 619), and, on trial, had verdict of a jury and judgment. The court denied defendant's motion for directed verdict, judgment *non obstante,* and for new trial.

Prior to Drake & Company taking possession, plaintiff had notified defendant that it would be held to the terms of the lease, had entered a charge for rent against defendant on its books, and sent it a statement each month. Afterward, it made no book entry of rent except one, which was made in a lump sum after expiration of defendant's term and shortly before this suit was commenced, sent defendant no statement, made no demand for payment of rent, and gave no notice that it intended to hold defendant for deficiency.

The declaration in the first action alleged:

"That, notwithstanding the fact that plaintiff considered and treated the said lease in full force and effect and binding upon said defendant, and made repeated demands upon said defendant for the subsequent instalments of rent accruing under said lease, it made numerous efforts to secure a tenant to take over said premises, so as to permit it to cancel said lease with said defendant and to release defendant from further obligation thereunder, but did not, however, succeed in doing so until the 16th day of November, 1926, as of which date pursuant to sundry requests of said defendant, it rented said premises to other parties."

On review of the summary judgment, this court construed the paragraph and adjudicated its effect (256 Mich. 619):

"The defendant was liable under its lease at the time the first suit was commenced to plaintiff. Plaintiff had an opportunity to lease the premises to someone else. It was willing to do so but it desired to obtain a cancellation of the lease with the defendant. It set forth in its declaration that it did so and leased the premises to another. This constituted a sufficient surrender of defendant's lease by operation of law."

Did the decision on motion for summary judgment establish the law of the case? Ordinarily, on such motion, the province of the court is to determine whether the case presents an issue of fact for trial. But where the facts are undisputed, the decision is upon the law. If, as at bar, the defendant has not moved for judgment in connection with the proceedings, this court, on reversal of summary judgment for plaintiff, must remand the case for trial, because it would have no authority to enter or order judgment for defendant. On trial, if the facts

are different than on summary judgment, the case is determined upon the facts adduced at the trial. If, however, the facts are the same, the decision on summary judgment controls. Consequently, the construction and effect of plaintiff's first declaration as working surrender of the lease by operation of law is the law of the case to the extent that it governs unless impeached by facts developed at the trial.

Plaintiff claims it let the premises to Drake & Company and later to Pitt in pursuance of a clause in defendant's lease which provides that, on default of defendant, plaintiff could take possession and—

"relet the said premises for such time, expiring either before or after the end of the term of this lease, as first in this lease specified in the name of the lessor but as agent of lessee, and to receive the rent therefor holding the lessee liable for any deficiency, it being expressly understood that the said lessee shall at all times be liable for the rent herein provided for the period covered by this lease, even though the said lessor shall exercise its rights under this lease, repossess itself of said premises and re-rent the same."

The question is not one of details of procedure in letting to Drake but whether plaintiff, in fact, executed the lease as defendant's agent or in its own behalf as an acceptance of the offer of defendant to surrender, the offer continuing by reason of continued abandonment. The answer is to be found in plaintiff's contemporaneous conduct, not in its secret intention or present claim, and the inquiry is whether the undisputed facts carry a necessary implication of surrender and acceptance, either as confirming the statement in plaintiff's declaration or independently. *Donkersley* v. *Levy,* 38 Mich. 54;

*Gingrass* v. *Mather,* 128 Mich. 582; *Drew* v. *Billings-Drew Co.,* 132 Mich. 65.

Ordinarily, the execution of a new lease extending beyond the period of the abandoning lessee's term would indicate acceptance of surrender of his lease. *Rafferty* v. *Klein,* 256 Pa. 481 (100 Atl. 945); *Welcome* v. *Hess,* 90 Cal. 507 (27 Pac. 369, 25 Am. St. Rep. 145). But this procedure was expressly provided in defendant's lease and cannot be considered evidence of surrender.

Plaintiff was under no initial obligation to give defendant notice that it would be held for the rent. But because, before the Drake lease, plaintiff had charged defendant each month with the rent and made demand through monthly statements, its failure to make similar charges on its books and demand thereafter, although the premises were vacant at times, constituted so radical a change in practice as to carry a strong inference of change of position regarding defendant's continued liability, and supports the claim of completed surrender.

The most important consideration is the character of the Drake letting. Although store No. 3 then had a greater rental value than defendant had contracted to pay, the Drake lease contained no allocation of rent to such store. There was no evidence that its rental value was considered separately from that of store No. 2, and no account was rendered to defendant. The character of the premises leased to defendant was changed by removal of the partition and the joining of the two stores into one and the whole let to Drake as one occupancy in one lease and for one rent. Such lease, not made under an arrangement with defendant, as in *Hoster-Columbus Associated Breweries Co.* v. *Stag Hotel Corp.,* 111 Va. 223 (68 S. E. 50); was an act of plaintiff, not

as agent of defendant but as proprietor of both stores, acting for itself and assuming complete control of the premises in its own right and established acceptance of surrender by operation of law. 35 C. J. p. 1091; *Meeker* v. *Spalsbury,* 66 N. J. Law, 60 (48 Atl. 1026); *Duffy* v. *Day,* 42 Mo. App. 638; *Friedlander* v. *Citron,* 145 App. Div. 922 (129 N. Y. Supp. 427).

The uncontradicted facts not only support the construction given to the declaration in the first suit as canceling defendant's lease, but, aside from the declaration, establish surrender by law.

Reversed, without new trial, and with costs to defendant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. BUTZEL, J., did not sit.